IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE RITE AID CORPORATION SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS. | Case No. 2:22-cv-4201-KBH |

SUGGESTION OF BANKRUPTCY
FOR RITE AID CORPORATION AND CERTAIN OF
ITS AFFILIATES AND NOTICE OF AUTOMATIC STAY OF PROCEEDINGS

**PLEASE TAKE NOTICE** that, on October 15, 2023, Rite Aid Corporation and certain of its affiliates (each, a "Debtor" and, collectively, the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101—1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").  A copy of the voluntary petition of the lead Debtor, Rite Aid Corporation (Case No. 3:23-bk-18993), is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that each of the Debtor's chapter 11 cases (collectively, the "Chapter 11 Cases") is pending before the Honorable Michael B. Kaplan.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a stay of:

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid.  The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . .

11 U.S.C. § 362(a)(1)–(3).[2] No order has been sought or entered in the Chapter 11 Cases granting any relief to any party from the automatic stay.

**PLEASE TAKE FURTHER NOTICE** that any action taken against the Debtors without obtaining from the Bankruptcy Court relief from the automatic stay may be void *ab initio* and result in a finding of contempt for violation of the automatic stay. This can extend to actions taken against third parties for whom the Debtors have an obligation to indemnify, including where the Debtors must indemnify third parties up to a self-insured retention, such that the Debtors are the real party in interest.[3] Accordingly, any party wishing to take action against the Debtors (or against any third party with a right to be indemnified by the Debtors) should contact the Debtors' counsel (shayne.henry@kirkland.com) before taking any action in the above-captioned proceeding to ensure that such action does not constitute a violation of the automatic stay. The Debtors reserve and retain all rights to seek relief in the Bankruptcy Court from any judgment, order, or ruling entered in violation of the automatic stay.

---

[2] Nothing herein shall constitute a waiver of the Debtors' rights to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims against any party to the above-captioned case.

[3] Where a third party is entitled to indemnity by the debtor, there is "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). In those "unusual circumstances," the automatic stay applies not only to the debtor but also extends to the third-party defendant. *Id. See McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997).

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Chapter 11 Cases may be obtained free of charge by visiting the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid.  You may also obtain copies of any pleadings by visiting the Court's website at https://ecf.njb.uscourts.gov/ (PACER login and password required) in accordance with the procedures and fees set forth therein.

Dated:  October 20, 2023

/s/ *Andrew M. Erdlen*
Andrew M. Erdlen (Atty. I.D. No. 320260)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Telephone:  (215) 568-6200
aerdlen@hangley.com

-and-

Dana M. Seshens (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
dana.seshens@davispolk.com

Andrew Yaphe (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone:  (650) 752-2000
Facsimile:  (650) 752-2111
andrew.yaphe@davispolk.com

*Counsel for Defendants Rite Aid Corporation, Heyward Donigan, Matt Schroeder, and Chris DuPaul*