**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE RITE AID CORPORATION SECURITIES LITIGATION | Case No. 2:22-cv-4201-KBH |
| This document relates to: ALL ACTIONS. | |

**MEMORANDUM OF LAW IN SUPPORT OF
INDIVIDUAL DEFENDANTS' MOTION TO STAY**

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND ............................................................................................................................... 2

LEGAL STANDARDS ..................................................................................................................... 3

ARGUMENT ..................................................................................................................................... 4

    A.   A Stay is Warranted Because Rite Aid Is the Real Party in Interest ................................... 4

    B.   The Stay Factors Strongly Favor Granting a Temporary Stay ........................................... 5

CONCLUSION .................................................................................................................................. 8

i

## TABLE OF AUTHORITIES

CASES

PAGE(S)

*In re Adelphia Commc'ns Sec. Litig.*,
  2003 WL 22358819 (E.D. Pa. May 13, 2003) ............................................................ 4, 5, 6, 7

*In re Loewen Grp., Inc. Sec. Litig.*,
  2001 WL 530544 (E.D. Pa. May 16, 2001) ...................................................................... 1, 4, 5

*In re LTL Mgmt., LLC*,
  638 B.R. 291 (Bankr. D.N.J. 2022) ................................................................................ 4, 5, 6

*McCartney v. Integra Nat. Bank N.*,
  106 F.3d 506 (3d Cir. 1997) .................................................................................................. 3

*Perloff v. Somo Audience Corp.*,
  2021 WL 2026800 (D.N.J. Apr. 23, 2021) ............................................................................ 3

*In re Phila. Newspapers, LLC*,
  407 B.R. 606 (E.D. Pa. 2009) ............................................................................................... 6

*Roberts v. We Love Country, Inc.*,
  2005 WL 2094843 (E.D. Pa. Aug. 29, 2005) ........................................................................ 7

*Smith v. Dominion Bridge Corp.*,
  1999 WL 111465 (E.D. Pa. Mar. 2, 1999) ............................................................................ 6

*In re W.R. Grace & Co.*,
  115 F. App'x 565 (3d Cir. 2004) ........................................................................................... 7

*In re W.R. Grace & Co.*,
  386 B.R. 17 (Bankr. D. Del. 2008) ....................................................................................... 5

STATUTES & RULES

11 U.S.C. § 362(a) ................................................................................................................... 3

Defendants Heyward Donigan, Matthew Schroeder, and Christopher DuPaul (collectively, the "Individual Defendants") respectfully request the Court exercise its inherent powers to stay this case temporarily until ten days following entry of an order confirming Defendant Rite Aid Corporation's ("Rite Aid") plan of reorganization.

## PRELIMINARY STATEMENT

This is a putative securities class action brought against Rite Aid and the Individual Defendants, certain current and former officers of the Company.  Given the nature of these claims, those asserted against the Individual Defendants effectively are claims against Rite Aid: They arise from the same factual predicates and allege the same injury as Plaintiff's claims against Rite Aid, and Rite Aid has agreed to indemnify each of the Individual Defendants for any losses incurred in defending this lawsuit.  The claims against Rite Aid itself have been stayed due to the Company's pending bankruptcy.  The Individual Defendants now seek to stay this proceeding temporarily while Rite Aid concludes its bankruptcy process.

As courts in this jurisdiction have long held, where, as here, a case has been stayed automatically against a corporate defendant, Plaintiff should not be permitted to "do indirectly what the bankruptcy laws prohibit [him] from doing directly" by allowing the claims against the Individual Defendants to proceed.  *In re Loewen Grp., Inc. Sec. Litig.*, 2001 WL 530544, at *4 (E.D. Pa. May 16, 2001).  To allow the claims against the Individual Defendants to go forward at this time would distract from Rite Aid's reorganization efforts, including by demanding the attention of current officer and director Defendants.  It also would threaten Rite Aid's ability to protect its own interests in the action and could risk collateral estoppel effects on the debtor.  By contrast, any prejudice to Plaintiff from a temporary stay would be minimal.  The Confirmation Hearing is currently scheduled for February 29, 2024, at which time the parties will have greater

clarity as to the treatment of Plaintiff's claim against Rite Aid and how this case might proceed. The Individual Defendants therefore respectfully request that the Court stay this case for a limited amount of time so that Rite Aid's confirmation process can conclude and the parties can determine the appropriate next steps in the litigation.

## BACKGROUND

This is a securities fraud action against Rite Aid and three Individual Defendants, two of whom are current officers of Rite Aid and one of whom is a former officer and director. *See* Amended Complaint, ECF No. 86 ("Complaint" or "Compl."), ¶¶ 17-20. Defendant Heyward Donigan was Rite Aid's Chief Executive Officer. *Id.* ¶ 18. Defendant Matthew Schroeder is Rite Aid's Chief Financial Officer. *Id.* ¶ 19. Defendant Christopher DuPaul is currently the Executive Vice President and President of Rite Aid's pharmacy benefits manager ("PBM") subsidiary, Elixir, and previously served as Elixir's Chief Operating Officer. *Id.* ¶ 20.

The Complaint alleges that Rite Aid and the Individual Defendants made false and misleading statements to investors regarding Elixir in violation of Sections 10(b) and 20(a) of the Exchange Act. Compl. ¶¶ 112-28. The claims against Rite Aid and the claims against the Individual Defendants derive from the same theory of liability: Plaintiff alleges that Rite Aid and the Individual Defendants touted the success of Elixir's 2023 selling season to investors but concealed that the number of Elixir's covered "lives" was in material decline, allegedly due to the loss of one of Elixir's clients and Elixir's supposedly inexperienced sales and underwriting teams. *Id.* ¶¶ 38-102. On October 2, 2023, all defendants, including Rite Aid, filed a motion to dismiss the Complaint for failure to state a claim. ECF No. 36. That motion is now fully briefed as to the Individual Defendants. ECF Nos. 36, 39-40.

On October 15, 2023, Rite Aid filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. *See In re Rite Aid Corp., et al.*, No. 23-bk-18993 (Bankr. D.N.J.). Accordingly, this Action is automatically stayed against Rite Aid pursuant to 11 U.S.C. § 362(a). *See* ECF Nos. 37, 38.[1]

## LEGAL STANDARDS

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Perloff v. Somo Audience Corp.*, 2021 WL 2026800, at *2 (D.N.J. Apr. 23, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (internal quotations omitted). In this Circuit, a temporary stay of claims against non-debtor defendants is appropriate where the debtor and non-debtor defendant share an identity of interests such that "the debtor may be said to be the real party defendant and that a judgment against the [non-debtor] defendant will in effect be a judgment or finding against the debtor." *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997) (internal quotations omitted). When such circumstances exist, courts consider four factors to determine whether a stay is warranted:

> (1) plaintiff's interest in having a forum and whether a satisfactory alternative forum exists; (2) whether the defendant may wish to avoid multiple litigations or inconsistent relief for liability shared with third parties; (3) the extent to which judgment may impede the debtor-party's ability to protect its interest; and (4) the interest of the

---

[1] A confirmation hearing on Rite Aid's proposed plan of reorganization ("Confirmation Hearing") is currently scheduled for February 29, 2024. *See* Audio Recording of Nov. 21, 2023 Hearing, *In re Rite Aid Corp., et al.*, No. 23-bk-18993 (Bankr. D.N.J.), ECF No. 739. On January 9, 2024, the bankruptcy court approved Rite Aid's sale of Elixir to MedImpact Healthcare Systems. *See* Audio Recording of Jan. 9, 2024 Hearing, *In re Rite Aid Corp., et al.*, No. 23-bk-18993 (Bankr. D.N.J.), ECF No. 1412. The sale is due to close within the first quarter of 2024. *See id.*

3

courts and the public in the consistent and efficient settlement of controversies.

*In re Adelphia Commc'ns Sec. Litig.*, 2003 WL 22358819, at *6 (E.D. Pa. May 13, 2003).

## ARGUMENT

Rite Aid is the real party in interest in this lawsuit because a judgment against the Individual Defendants would effectively be a judgment against Rite Aid. Moreover, each of the four factors weighs strongly in favor of a temporary stay of the claims against the Individual Defendants during the pendency of Rite Aid's bankruptcy proceedings.

### A.   A Stay is Warranted Because Rite Aid Is the Real Party in Interest

There can be no dispute that a judgment against the Individual Defendants in this action effectively would be a judgment against Rite Aid. Plaintiff's claims against the Individual Defendants share the same factual predicates as his claim against Rite Aid. Indeed, Plaintiff's claims against Rite Aid and the Individual Defendants are based on the same set of alleged misrepresentations and omissions, which are comprised entirely of statements made by the Individual Defendants in their capacity as officers of Rite Aid. The claims against Rite Aid and the Individual Defendants also rely upon the same allegations of scienter and loss causation. This is precisely the sort of factual overlap in claims that courts find creates a shared identity of interest. *See, e.g.*, *In re Loewen Grp.*, 2001 WL 530544, at *3 (extending stay where "misconduct alleged by plaintiffs relates entirely to activities performed by the individual defendants in their capacity as directors and officers").

Rite Aid effectively is the real party in interest for the independent reason that Rite Aid has legal obligations to indemnify the Individual Defendants in connection with their defense of this lawsuit. Courts in this Circuit have held that the "mere possibility of indemnification obligations warrants extension of the automatic stay." *In re LTL Mgmt., LLC*, 638 B.R. 291, 312-13 (Bankr.

4

D.N.J. 2022) (collecting cases); *see also In re W.R. Grace & Co.*, 386 B.R. 17, 31 (Bankr. D. Del. 2008) ("To refuse application of the statutory stay" when the judgment against the non-debtor defendants would in effect be a judgment or finding against the debtor "would defeat the very purpose and intent of the statute").

In light of these considerations, courts in the Third Circuit routinely grant motions to stay in cases where, like here, Plaintiff cannot "meaningfully separate the actions of the company from the actions of its officers and directors." *In re Loewen Grp.*, 2001 WL 530544, at *3 (a plaintiff may not "do indirectly what the bankruptcy laws prohibit [him] from doing directly; that is bring suit against a company in reorganization merely by substituting the officers and directors [who the plaintiff] contend[s] were responsible for the company's alleged misconduct"); *see also, e.g.*, *In re Adelphia*, 2003 WL 22358819, at *7 ("[B]ecause many of the individual defendants were officers of Adelphia and the claims against them arise out of their conduct at the company, Adelphia cannot adequately protect its interests if the civil actions are allowed to proceed without Adelphia's involvement"); *In re LTL Mgmt.*, 638 B.R. at 311 (granting extension of automatic stay to certain non-debtor retailers of the debtor because "the claims against the Retailers involve the same products, the same time period, the same alleged defect, and the same alleged harm as the claims against Debtor").

## B. The Stay Factors Strongly Favor Granting a Temporary Stay

In addition, each of the four factors outlined above strongly favors granting a temporary stay of Plaintiff's claims against the Individual Defendants until shortly after the conclusion of Rite Aid's bankruptcy proceedings.

The first factor—Plaintiff's interest in having a forum—favors a stay because temporarily pausing the case does not deprive Plaintiff of a forum to resolve his claims. Rather, it allows Plaintiff to "retain this Court as the forum to adjudicate [his] secure[t]ies claims." *In re Adelphia*,

2003 WL 22358819, at *7.  "Extending the stay to all defendants does not shield any of the defendants from liability, but rather merely delays the proceedings until [Rite Aid] can submit and implement a reorganization plan to its creditors."  *Smith v. Dominion Bridge Corp.*, 1999 WL 111465, at *4 (E.D. Pa. Mar. 2, 1999).

The remaining factors—avoiding inconsistent relief and preventing duplicative litigation, impeding an absent party's ability to protect its interests, and the public interest in consistent and efficient resolution of controversies—all also support a stay.  First, given the extensive overlap in factual allegations between Plaintiff's claims against Rite Aid and the Individual Defendants, allowing the case to proceed against the Individual Defendants would threaten Rite Aid's ability to litigate the case itself and subject Rite Aid to the threat of collateral estoppel, which would "prevent [it] from litigating factual and legal issues critical to the claims of the plaintiff[] against it."  *Id.* at *5; *see also In re LTL Mgmt.*, 638 B.R. at 317 (extending automatic stay where there was a risk that "the evidentiary record developed in continued litigation against the [non-debtors] could prejudice [d]ebtor").

Second, although Rite Aid and the Individual Defendants contend that this lawsuit should be dismissed in its entirety for failure to state a claim, *see* ECF No. 36, to the extent the Court does not dismiss the action, securities fraud cases can "require significant and burdensome discovery" into documents controlled by the corporate defendant, necessarily requiring "substantial involvement" by the debtor, at a time when the debtor is meant to be focused on its reorganization. *Adelphia*, 2003 WL 22358819, at *7.  In particular, continued litigation could require Defendants Schroeder and DuPaul to take time and attention away from their efforts to help guide Rite Aid through bankruptcy to involve themselves in the ins and outs of this litigation.  *See, e.g.*, *In re Phila. Newspapers, LLC*, 407 B.R. 606, 614 (E.D. Pa. 2009) (holding that refusal to extend the

6

stay to non-debtor parties would divert "the time and energy of key personnel from the reorganization effort at a critical time in the formulation of a plan"); *In re W.R. Grace & Co.*, 115 F. App'x 565, 570 (3d Cir. 2004) (emphasizing that a bankruptcy court may also extend the stay to litigation that "could interfere with the reorganization of the debtor" or "would frustrate the statutory scheme of chapter 11 or diminish [the debtor's] ability to formulate a plan of reorganization").

Finally, allowing the claims against the Individual Defendants to proceed, while the identical claims against Rite Aid remain stayed, unnecessarily subjects "the Court, the public, and the parties" to inconsistent outcomes, while a stay simply protects the shared "interest in the efficient resolution of both the civil and the bankruptcy claims."  *In re Adelphia*, 2003 WL 22358819, at \*7; *see, e.g.*, *Roberts v. We Love Country, Inc.*, 2005 WL 2094843, at \*3 (E.D. Pa. Aug. 29, 2005) ("[T]he interests in avoiding potentially inconsistent relief and in efficiently resolving Plaintiffs' claims militate in favor of staying the proceedings as to Defendants Mill Street and Lofgren").

By contrast, granting the temporary stay would preserve all parties' rights and would not prejudice Plaintiff.  The Motion seeks only a temporarily stay narrowly tailored to permit Rite Aid's plan confirmation process to conclude, with respect to which the Confirmation Hearing is currently scheduled for February 29, 2024.  *See* Audio Recording of Nov. 21, 2023 Hearing, *In re Rite Aid Corp., et al.*, No. 23-bk-18993 (Bankr. D.N.J.), ECF No. 739.  Such a brief stay will afford the potential for Plaintiff to gain clarity with respect to the status of his claims against Rite Aid.

7

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that this Court grant their motion and stay this case until ten days following entry of an order confirming Rite Aid's plan of reorganization.

Respectfully submitted,
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

Dated: January 22, 2024

*/s/ Andrew M. Erdlen*

Andrew M. Erdlen (Atty. I.D. No. 320260)
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Telephone:  (215) 568-6200
aerdlen@hangley.com

*-and-*

Dana M. Seshens (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
dana.seshens@davispolk.com

Andrew Yaphe (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone:  (650) 752-2000
Facsimile:  (650) 752-2111
andrew.yaphe@davispolk.com

*Counsel for Defendants Heyward Donigan, Matt Schroeder, and Chris DuPaul*

8

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew M. Erdlen, hereby certify that on January 22, 2024, I caused a copy of the

foregoing to be filed with the Clerk of the Court using the CM/ECF electronic filing system,

which will provide electronic notice to all counsel of record.

*/s/ Andrew M. Erdlen*
Andrew M. Erdlen