**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE RITE AID CORPORATION SECURITIES LITIGATION | Case No. 2:22-cv-04201-KBH |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | <u>ORAL ARGUMENT REQUESTED</u> |
| | **LEAD PLAINTIFF'S OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION TO STAY** |

## **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND .............................................................................................................. 2

III. ARGUMENT .................................................................................................................... 3

    A.  The Automatic Stay Does Not Apply to Individual Defendants ............................. 3

    B.  No Discretionary Stay is Warranted ....................................................................... 8

        1.  The Prevailing Discretionary Stay Factors
            Favor Denying this Motion to Stay ............................................................ 9

            a.  A Balance of the Harms Strongly Favors Denying a Stay .............. 9

            b.  The Duration of the Stay is Unreasonable .................................... 11

            c.  Judicial Economy Weighs Against a Stay ..................................... 11

        2.  The Adelphia Factors Favor Denying the Motion to Stay ...................... 11

            a.  Plaintiff's Interest in the Forum Supports
               Denying the Motion to Stay ........................................................... 11

            b.  Collateral Estoppel Does Not Apply .............................................. 12

            c.  There is no Ongoing Discovery to
               Burden Individual Defendants ....................................................... 13

IV.  CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADP, Inv. v. Wise Payments LTD.*,
 2022 WL 2833819 (D.N.J. July 19, 2022)...............................................................................8

*ADP, Inv. v. Wise Payments LTD.*,
 2023 WL 3775319 (D.N.J. June 1, 2023)..................................................................................8

*Cao Lighting, Inc. v. Gen. Elec. Co.*,
 2022 WL 17752270 (D. Del. Dec. 19, 2022)..........................................................................12

*Ciolli v. Iravani*,
 2008 WL 4412053 (E.D. Pa. Sept. 24, 2008) ...........................................................................9

*Clientron Corp. v. Devon IT, Inc.*,
 2014 WL 940406 (E.D. Pa. Mar. 10, 2014).............................................................................11

*CTF Hotel Holdings, Inc. v. Marriot Int'l, Inc.*,
 381 F.3d 131 (3d Cir. 2004).....................................................................................................8

*Cushman & Wakefield, Inc. v. Backos*,
 129 B.R. 35 (E.D. Pa. 1991) ...................................................................................................11

*Dennis v. Trans Union, LLC*,
 2016 WL 127453 (E.D. Pa. Jan. 12, 2016) ...............................................................................9

*Dental Ben. Mgmt., Inc. v. Capri*,
 153 B.R. 26 (E.D. Pa. 1992) ...................................................................................................10

*Discover Bank v. Greenwood House Home for the Jewish Aged T/A Abrams Residence*,
 2021 WL 11695985 (D.N.J. Jan. 15, 2021) ..............................................................................8

*Duncan v. Vantage Corp.*,
 2019 WL 1349497 (D. Del. Mar. 26, 2019) ..............................................................................4

*Forcine Concrete & Constr. Co. v. Manning Equip. Sales & Serv.*,
 426 B.R. 520 (E.D. Pa. 2010) ....................................................................................4, 5, 6, 13

*Garcia v. S&F Logistics, LLC*,
 2022 WL 2392029 (E.D. Pa. July 1, 2022).........................................................................9, 10

*Giovanni v. United States Dep't of the Navy*,
 2019 WL 6839941 (E.D. Pa. Dec. 16, 2019)............................................................................9

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*,
 87 F.R.D. 53 (E.D. Pa. 1980).....................................................................................................9

*Holland v. New Jersey Res. Corp.*,
   2013 WL 4780763 (D.N.J. Sept. 5, 2013) ................................................................8

*In re Adelphia Commc'ns Sec. Litig.*,
   2003 WL 22358819 (E.D. Pa. May 13, 2003) ......................................................7, 8

*In re CitiSource, Inc. Sec. Litig.*,
   694 F. Supp. 1069 (S.D.N.Y. 1988) .........................................................................7

*In re Deriv. Litig., Herley Indus., Inc.*,
   2007 WL 1101276 (E.D. Pa. Apr. 11, 2007) ..........................................................12

*In re Dynegy, Inc*,
   770 F.3d 1064 (2d Cir. 2014).....................................................................................4

*In re Globalstar Sec. Litig.*,
   2004 WL 2754674 (S.D.N.Y. Dec. 1, 2004) .............................................................5

*In re Gray*,
   230 B.R. 239 (S.D.N.Y. 1999).....................................................................................5

*In re Hayes Lemmerz Intern., Inc.*,
   271 F. Supp. 2d 1007 (E.D. Mich. 2003) ..................................................................7

*In re Loewen Grp., Inc. Sec. Litig.*,
   2001 WL 530544 (E.D. Pa. May 16, 2001) ...............................................................7

*In re LTL Management, LLC*,
   638 B.R. 291 (Bankr. D.N.J. 2022) ............................................................................6

*In re MCSi, Inc., Sec. Litig.*,
   371 B.R. 270 (S.D. Ohio 2004) ..................................................................................5

*In re Phar-Mor, Inc. Sec. Litig.*,
   166 B.R. 57 (W.D. Pa. Apr. 4, 1994)..........................................................................6

*In re Rite Aid Corporation*,
   Case No. 23-18993(MBK) (Bankr. D.N.J.) ...............................................................2

*In re Suprema Specialties, Inc. Sec. Litig.*,
   438 F.3d 256 (3d Cir. 2006).......................................................................................7

*In re Terravia Holdings, Inc., Sec. Litig.*,
   2017 U.S. Dist. LEXIS 164802 (N.D. Cal. Oct. 4, 2017)..........................................4

*Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Serv. Painting, Inc.*,
   2018 WL 5923447 (E.D. Pa. Nov. 13, 2018) ........................................................... 4

*Jackson v. Trump Entm't Resorts, Inc.*,
  2015 WL 13637411 (D.N.J. Feb. 11, 2015) ........................................................................4, 6

*Keystone Drill Servs. v. Davey Kent*,
  2022 U.S. Dist. LEXIS 50502 (W.D. Pa. Feb. 22, 2022) ........................................................13

*Khoja v. Orexigen Therapeutics*,
  2021 WL 5632673 (S.D. Cal. Nov. 30, 2021) .........................................................................4

*Klaff v. Wieboldt Stores, Inc.*,
  1988 WL 142163 (N.D. Ill. Dec. 23, 1988) ......................................................................11, 12

*Mardice v. Ebony Media Operations, LLC*,
  2021 WL 146358 (S.D.N.Y. Jan. 15, 2021) ...........................................................................13

*McCartney v. Integra Nat'l Bank N.*,
  106 F.3d 506 (3d Cir.1997).......................................................................................................4

*N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*,
  564 B.R. 192 (S.D.N.Y. 2016)......................................................................................4, 10, 12

*Owen Healthcare, Inc. v. Franklin Square Hosp.*,
  159 B.R. 453 (E.D. Pa. 1993) .............................................................................................10, 11

*Peevy v. Jerace*,
  2017 WL 11705425 (S.D. Fla. Dec. 21, 2017) ...................................................................13, 14

*Porter v. Conseco Inc.*,
  2005 WL 1656871 (S.D. Ind. July 14, 2005) ...........................................................................7

*Pritchard v. Comenity Bank*,
  2016 U.S. Dist. LEXIS 89123 (D.N.J. July 5, 2016).................................................................9

*Shirsat v. Mut. Pharm. Co.*,
  1995 WL 695109 (E.D. Pa. Nov. 21, 1995) ...........................................................................10

*Soroush v. Ali*,
  2009 WL 3467897 (E.D. Pa. Oct. 28, 2009)...........................................................................12

*Trusted Transportation Sols., LLC v. Guarantee Ins. Co.*,
  2018 WL 2187379 (D.N.J. May 11, 2018) .............................................................................11

**Statutes**

11 U.S.C. § 362(a) ..........................................................................................................................4

11 U.S.C. § 362(a)(1)................................................................................................................1, 3, 4

15 U.S.C. § 78u-4(b)(3) ..............................................................................................................1

15 U.S.C. § 78u–4(b)(3)(B) ......................................................................................................13

Private Securities Litigation Reform Act of 1995 ............................................................................1

SEC Rule 10b-5 ..........................................................................................................................2

Section 10(b) of the Securities Exchange Act of 1934 ..................................................................2

Section 20(a) of the Securities Exchange Act of 1934 ..............................................................2, 7

**Rules**

Fed. R. Civ. P. 26(a)(1)..............................................................................................................13

Lead Plaintiff Steven L. Diamond ("Plaintiff") hereby opposes Individual Defendants'[1]

motion to stay (ECF No. 41) (the "Motion to Stay") as follows:

## I.   INTRODUCTION

Nearly four months ago, Rite Aid filed for bankruptcy. Plaintiff immediately notified this Court, reciting the overwhelming body of law providing that the automatic stay imposed by Bankruptcy Code § 362(a)(1), 11 U.S.C. § 362(a)(1), stayed claims only as to Rite Aid. *See* ECF No. 37. The claims against the Individual Defendants were not stayed by operation of law, *see id.*

Accordingly, the parties resumed briefing Individual Defendants' motion to dismiss. Briefing of that motion was completed on January 12, 2024, and the motion to dismiss is now pending before the Court. Nothing will happen in this Action until the Court rules. Under the Private Securities Litigation Reform Act of 1995, "***all discovery and other proceedings shall be stayed during the pendency of a motion to dismiss***." *See* 15 U.S.C. § 78u-4(b)(3) (emphasis added). Thus, Individual Defendants face no litigation activity, and the instant motion seeks only to tie this Court's hands and prevent it from ruling on the pending motion to dismiss. ***None*** of the cases cited by Individual Defendants even remotely supports imposing a further stay under those circumstances.

Nor have Individual Defendants been candid with the Court about the facts underpinning their extraordinary request. Individual Defendants claim that Rite Aid is the "real party in interest" because it is supposedly obligated to indemnify claims against them. Not so. As an initial matter, ***none*** of the Individual Defendants have filed claims for indemnification in the bankruptcy. That was not a mere oversight, but a reflection that Rite Aid has procured ***thirty-one (31) separate***

---

[1] The "Individual Defendants" are former Rite Aid CEO Heyward Donigan ("Donigan), Rite Aid CFO Matt Schroeder ("Schroeder"), and Elixir COO Chris DuPaul ("DuPaul").

***Directors' and Officers' insurance policies to cover any exposure it may have as a result of the Individual Defendants' misconduct.*** *See In re Rite Aid Corp.,* No. 23-18993 (MBK), Docket No. 12 at 43-45 (Bankr. D.N.J. Oct. 15, 2023) ("the Bankruptcy Action") (relevant excerpts attached to as Exhibit A to the Request for Judicial Notice filed herewith). As Rite Aid explained to the Bankruptcy Court, these insurance policies avoid "the possible incurrence of direct liability for the payment of claims." *Id.* at 17.

Moreover, bankruptcy proceedings are moving at a much slower pace than claimed by Individual Defendants, who incorrectly asserted that "clarity as to the treatment of Plaintiff's claim about Rite Aid" will come from a supposed February 29, 2024 confirmation hearing. But, as recent bankruptcy filings make clear, the confirmation hearing date remains "to be scheduled by the Court," and certainly is not expected to occur at the early date referenced by Individual Defendants. *See* Bankruptcy Action, Docket No. 1791 at 7 (relevant excerpts attached as Exhibit B to the request for judicial notice filed herewith). And, "the treatment of Plaintiff's claim about Rite Aid," has nothing to do with the instant motion, which addresses only the claims against the Individual Defendants.

For these reasons, Individual Defendants' request to stay ruling on the fully briefed and pending motion to dismiss should be denied.

## II.    BACKGROUND

Plaintiff brought this Action pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5, on behalf of himself and all persons and entities who purchased or otherwise acquired Rite Aid common stock between December 21, 2021 and September 28, 2022. Plaintiff filed the operative Amended Class Action Complaint for Violation of Federal Securities Laws (the "Complaint") on

July 31, 2023. *See* ECF No. 35. The Complaint alleges, *inter alia*, that each of the Individual Defendants made false and misleading statements to Rite Aid investors about the Company's Elixir subsidiary, causing them significant damages.

On October 2, 2023, Defendants moved to dismiss the Complaint. ECF No. 36. On October 15, 2023, Rite Aid filed for Chapter 11 bankruptcy in the Bankruptcy Action. On the next day, Plaintiff filed a suggestion of bankruptcy in this Action, notifying this Court of the Bankruptcy Action and the automatic stay as to Rite Aid only. ECF No. 37. Plaintiff further advised this Court of the extensive body of law providing that the automatic stay did not extend to Individual Defendants. *Id.* On October 20, 2023, Rite Aid filed its own suggestion of bankruptcy. *See* ECF No. 38. Due to the Bankruptcy Action, the claims against Rite Aid are stayed pending resolution of the bankruptcy petition. However, the claims against the Individual Defendants are not stayed. *See* ECF No. 37.

Notwithstanding the stay as to Rite Aid, the Individual Defendants and Plaintiff continued briefing the motion to dismiss, with Plaintiff filing his response in opposition on December 1, 2023 (ECF No. 39) and Individual Defendants filing their reply on January 12, 2024 (ECF No. 40). On January 22, 2024, only after briefing on the motion to dismiss was complete and more than three months after the beginning of the Bankruptcy Action, Individual Defendants filed this motion to stay. The instant motion seeks to invoke the Court's discretionary powers. Motion to Stay at 1.

## III.   ARGUMENT

### A.  The Automatic Stay Does Not Apply to Individual Defendants

Upon the commencement of a debtor's bankruptcy case, the Bankruptcy Code automatically stays all "action[s] or proceeding[s] against the debtor." 11 U.S.C. § 362(a)(1). The Individual Defendants agree, as they must, that the automatic stay only applies to Rite Aid. Motion

to Stay at 3 ("Accordingly, this Action is automatically stayed against Rite Aid pursuant to 11 U.S.C. § 362(a)."). "[A]s a general matter [the Bankruptcy Code] stays actions only against a debtor." *Forcine Concrete & Constr. Co. v. Manning Equip. Sales & Serv*., 426 B.R. 520, 522 (E.D. Pa. 2010) (citing *McCartney v. Integra Nat'l Bank N*., 106 F.3d 506, 509 (3d Cir. 1997). "[A]n action or proceeding stayed as to the debtor under § 362(a)(1) is not stayed as to its co-defendants." *Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Serv. Painting, Inc*., 2018 WL 5923447, at \*1 (E.D. Pa. Nov. 13, 2018); *Jackson v. Trump Entm't Resorts, Inc.*, 2015 WL 13637411, at \*5 (D.N.J. Feb. 11, 2015) (noting that "[t]he automatic stay provision under § 362(a)(1) applies only to debtors" and not to solvent co-defendants.)

Courts routinely allow securities fraud claims to proceed against non-debtor defendants when a corporate defendant declares bankruptcy. *See In re Dynegy, Inc,* 770 F.3d 1064, 1066 (2d Cir. 2014) (bankruptcy "prompted an automatic stay of the securities class action in the district court as to Dynegy Inc. but not the three individual defendants"); *Khoja v. Orexigen Therapeutics*, 2021 WL 5632673, at \*1 (S.D. Cal. Nov. 30, 2021) (automatic stay halted further proceedings against bankrupt debtor, "but not the remaining defendants"); *Duncan v. Vantage Corp*., 2019 WL 1349497, at \*1 (D. Del. Mar. 26, 2019) (same); *In re Terravia Holdings, Inc., Sec. Litig*., 2017 U.S. Dist. LEXIS 164802, at \*1-2 (N.D. Cal. Oct. 4, 2017) (noting that automatic stay "does not protect non-debtor parties or their property"); *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 564 B.R. 192, 195 (S.D.N.Y. 2016) (refusing to extend stay to non-debtors and stating extension could only be warranted if there would otherwise be "immediate adverse economic consequence[s]" for the bankruptcy estate); *Int'l Union of Painters*, 2018 WL 5923447, at \*1-2 (recognizing that the bankruptcy stay did not apply to a bankrupt corporation's non-bankrupt's president); *In re Globalstar Sec. Litig*., 2004 WL 2754674, at \*2–3, 6 (S.D.N.Y. Dec. 1, 2004)

(certifying class to proceed against individual defendant over objection that proceeding would violate automatic stay from bankruptcies of corporate defendants).  This is because "a claim under the securities laws allows for the independent liability of officers in which the proceedings may progress without the participation of the corporation." *In re MCSi, Inc., Sec. Litig*., 371 B.R. 270, 272 (S.D. Ohio 2004) (refusing to extend stay); *In re Gray*, 230 B.R. 239, 242 (S.D.N.Y. 1999) (refusing to extend stay to non-debtors and warning that a stay can only be extended in "unusual circumstances").

Although not entitled to a stay under the Bankruptcy Code, Individual Defendants nonetheless contend that they should be granted a *discretionary* stay of the Action because they claim that Rite Aid is the "real party in interest" for the claims against them.  Motion to Stay at 4.  This is both factually untrue and without legal force.  As discussed herein, the claims against the Individual Defendants are legally cognizable with or without Rite Aid as a co-defendant, and any award or settlement will be paid by the 31 layers of Directors' and Officers' Liability Insurance, *see* Ex. A, or by Individual Defendants themselves, not Rite Aid.  Individual Defendants have not filed claims against Rite Aid for indemnification, and the claims deadline there expired on January 12, 2024.

Moreover, any argument that the Bankruptcy Code's automatic stay should be extended to the Individual Defendants would be improper.

First, courts only consider an extension of the automatic bankruptcy stay in the "unusual circumstance[]" where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Forcine Concrete*, 426 B.R. at 523.  Here, the Individual Defendants fail to establish such "identity."  Nor could they.  Any

judgment against them will be against them alone, and would almost certainly be paid out of existing Directors' and Officers' Liability Insurance.  *See* Ex. A.  In fact, Defendant Donigan, Rite Aid's CEO during the alleged time frame in this Action, is no longer employed by Rite Aid, severing any possible connection between her and Rite Aid.

Moreover, the "unusual circumstances" exception is designed to protect the debtor (Rite Aid), not to cast an umbrella protecting non-debtors from liability for their fraudulent conduct. *See Jackson*, 2015 WL 13637411, at *2.  "[A] critical factor in deciding whether to extend the stay is the potential adverse impact on a debtor's estate and prospect of reorganization."  *In re LTL Management, LLC*, 638 B.R. 291, 306 (Bankr. D.N.J. 2022).  Individual Defendants provide no evidence that allowing this Court to rule on the pending motion to dismiss would have any impact whatsoever on Rite Aid's bankruptcy estate.  It will not.

Second, the Individual Defendants are independently liable to Plaintiff even if the claims against Rite Aid initially brought in this Action are never adjudicated.  The Complaint alleges in painstakingly detail false statements made by the Individual Defendants.  *See* Complaint ¶¶38, 40, 47, 49, 53, 55, 64, 68, 71,  75, 77, 81, 83, 85 (false statements made by Defendant Donigan); ¶¶51, 53, 55, 62, 79, 81 (false statements made by Defendant Schroeder); ¶73 (false statements made by Defendant DuPaul).  Thus, the Individual Defendants are independently liable for the claims. "[T]he Code was not intended to stay actions which assert that a nondebtor is independently liable as, for example, where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty."  *In re Phar-Mor, Inc. Sec. Litig*., 166 B.R. 57, 62 (W.D. Pa. Apr. 4, 1994).  Where "the non-debtor defendant is independently liable to a plaintiff

6

for misconduct—*e.g.*, where the debtor and non-debtors are joint tortfeasors—courts are loath to extend the stay to non-debtors." [2]

Neither does the control person liability count require a finding against Rite Aid as a predicate to imposing liability upon the controlling Individual Defendants. *See In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 285-86 (3d Cir. 2006). Even if Plaintiff alleged a "primary violation by [Rite Aid]" and Rite Aid was "not named in the complaint as a defendant, then [the] § 20 claim can stand if the [Individual Defendants] were controlling persons." *See In re Hayes Lemmerz Intern.*, Inc., 271 F. Supp. 2d 1007, 1022 n. 11 (E.D. Mich. 2003); *In re CitiSource, Inc. Sec. Litig.*, 694 F. Supp. 1069, 1077 (S.D.N.Y. 1988) (holding that "liability of the primary violator is simply an element of proof of a section 20(a) claim," and that "liability need not be actually visited upon the primary violator before a controlling person may be held liable for the primary violator's wrong"). Therefore, "it would be inconsistent with the broad remedial purposes of the securities laws" to allow Individual Defendants, who serve as "senior executives of a bankrupt corporation" and "whose actions allegedly contributed to the bankruptcy [ ] to avoid liability by relying on [Rite Aid's] bankruptcy." *Porter v. Conseco Inc.*, 2005 WL 1656871, at *6 (S.D. Ind. July 14, 2005).

---

[2] The Individual Defendants' cases are inapposite. The plaintiff in *Loewen* proffered evidence – which is the opposite of the circumstances here – confirming that the directors and officers were indispensable to the bankruptcy reorganization, so that court found that the plaintiffs could not meaningfully "separate the actions of the company from the actions of its officers and directors." *In re Loewen Grp., Inc. Sec. Litig.*, 2001 WL 530544, at *3 (E.D. Pa. May 16, 2001). Here, the Complaint demonstrates that the Individual Defendants are meaningfully separate from Rite Aid by identifying misstatements for which the Individual Defendants for which they are independently liable. *Adelphia* involved parallel criminal proceedings and SEC enforcement actions which the court found were so closely intertwined with the civil action at issue that the non-debtor defendants risked self-incrimination issues. *See In re Adelphia Commc'ns Sec. Litig.*, 2003 WL 22358819, at *6 (E.D. Pa. May 13, 2003). No such concerns are present here.

Accordingly, the automatic bankruptcy stay cannot support a stay of this Action as to the Individual Defendants.

### B.   No Discretionary Stay is Warranted

Although the Court retains "the power to stay proceedings" as part of its "power inherent…to control the disposition of the causes on its docket[,]" issuing stays is "an extraordinary, disfavored remedy[.]" *Discover Bank v. Greenwood House Home for the Jewish Aged T/A Abrams Residence*, 2021 WL 11695985, at *1 (D.N.J. Jan. 15, 2021); *Holland v. New Jersey Res. Corp.*, 2013 WL 4780763, at *4 (D.N.J. Sept. 5, 2013) (same).  Parties moving for a stay bear the burden of demonstrating that a stay is warranted, and in order to do so, they "must state a clear countervailing interest to abridge a party's right to litigate." *CTF Hotel Holdings, Inc. v. Marriot Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004).  The Individual Defendants must prove "a clear case of hardship or inequity of being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *See ADP, Inv. v. Wise Payments LTD.*, 2022 WL 2833819, at *3 (D.N.J. July 19, 2022) *appeal denied*, 2023 WL 3775319 (D.N.J. June 1, 2023).  Demonstrating that a stay is warranted is a "heavy burden" for the movant. *Id*. at *3.

The Individual Defendants assert that the Court should evaluate their requested stay under a test cited in *In re Adelphia Commc'ns Sec. Litig*., which evaluated the following four factors:

> (1) plaintiff's interest in having a forum and whether a satisfactory alternative forum exists; (2) whether the defendant may wish to avoid multiple litigation or inconsistent relief for liability shared with third parties; (3) the extent to which judgment may impede the debtor-party's ability to protect its interest; and (4) the interest of the courts and the public in the consistent and efficient settlement of controversies.

*In re Adelphia Commc'ns Sec. Litig*., 2003 WL 22358819, at *6 (E.D. Pa. May 13, 2003).  Since *Adelphia* was decided twenty years ago, this test has rarely been used.  Third Circuit courts far

8

more commonly consider the following three factors when deciding whether to grant a discretionary stay: "(1) whether a stay will simplify the issues and promote judicial economy; (2) the balance of the harm to the parties; and (3) the length of the requested stay." *Giovanni v. United States Dep't of the Navy*, 2019 WL 6839941, at \*1 (E.D. Pa. Dec. 16, 2019) ("Prevailing Discretionary Stay Factors").[3]  Courts sometimes split the "balance of the harms" factor into two independent factors: (i) "the hardship that the movant would face if the stay was not granted;" and (ii) "the injury that a stay would inflict on the non-movant." *Garcia v. S&F Logistics, LLC*, 2022 WL 2392029, at \*1 (E.D. Pa. July 1, 2022).

Plaintiff considers each factor from both tests below.  Regardless of which test is used (the Prevailing Discretionary Stay Factors or the *Adelphia* Factors), each factor weighs in favor of denying a discretionary stay.  Thus, the Individual Defendants have failed to carry their "heavy burden" necessitating the "extraordinary relief" of a stay, and the Court should find that on balance, the factors weigh in favor of denying the Motion to Stay.

### 1.     The Prevailing Discretionary Stay Factors Favor Denying this Motion to Stay

#### a.     A Balance of the Harms Strongly Favors Denying a Stay

"Any plaintiff in the federal courts enjoys the right to pursue his [or her] case and to vindicate his [or her] claim expeditiously." *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).  Indefinitely delaying this Court's ruling on the pending (but unfounded) motion to dismiss would unnecessarily delay the ultimate resolution of

---

[3] Courts also use these same factors when deciding a motion to stay proceedings pending the resolution of another action. *See, i.e., Ciolli v. Iravani*, 2008 WL 4412053, at \*2 (E.D. Pa. Sept. 24, 2008); *Dennis v. Trans Union, LLC*, 2016 WL 127453, at \*2 (E.D. Pa. Jan. 12, 2016); *Pritchard v. Comenity Bank*, 2016 U.S. Dist. LEXIS 89123, at \*2 n.4 (D.N.J. July 5, 2016).  That is what the Individual Defendants seek here by requesting a stay pending a resolution of the Bankruptcy Action.

this case.  Worse still, Individual Defendants are unable to even quantify the length of the delay they seek.   Moreover, delays threaten the deterioration of evidence.  *Shirsat v. Mut. Pharm. Co.*, 1995 WL 695109, at *2 (E.D. Pa. Nov. 21, 1995) (noting a delay could lead to "unavailability of witnesses and the deterioration of witnesses' memories"); *see also Dental Ben. Mgmt., Inc. v. Capri*, 153 B.R. 26, 29 (E.D. Pa. 1992) ("[D]uring the delay [caused by bankruptcy stay] there is the chance that memories will fade and evidence will disappear.").  By contrast, the Individual Defendants articulate zero hardship that they would incur by this Court's consideration of the pending motion to dismiss.  They do not even attempt to describe a single litigation event they face at this time that would cause even a minute distraction, let alone impede their participation in bankruptcy proceedings.  Nor could they.  There is no discovery at this time, and neither Individual Defendants nor their lawyers have any obligations (other than to preserve evidence) until there is a ruling on the motion to dismiss.  Individual Defendants' failure to prove prejudice is fatal to their motion, and falls far short of the "heavy burden" necessary to justify a stay. *Garcia*, 2022 WL 2392029, at *3 ("Argonaut's motion does not describe, in even the broadest terms, what hardship [it] might endure should this litigation continue.").

Moreover, the hypothetical possibility that all thirty-one Directors' and Officers' Insurance Policies would fail to cover Individual Defendants' exposure, such that they might at a later date seek indemnification from Rite Aid, does not weigh in their favor.[4]  "The mere possibility of a future indemnification claim will not support application of the automatic stay." *N.J. Carpenters Health Fund*, 564 B.R. at 195; *see also Owen Healthcare, Inc. v. Franklin Square Hosp.*, 159 B.R. 453, 457 (E.D. Pa. 1993) ("Whether or when" a non-debtor defendant may enforce a

---

[4] Individual Defendants fail to offer proof of any such legal obligations.

10

"purported indemnity agreement has no connection to [plaintiff's] case against [non-debtor defendant]").

### b.    The Duration of the Stay is Unreasonable

Individual Defendants seek a stay with no defined end date ("ten days following entry of order confirming Rite Aid's plan of reorganization"). Neither they, nor the latest filings in the Bankruptcy Court, provide any date by which that will occur. Plaintiff would be prejudiced by an indefinite delay of this proceeding. *See Trusted Transportation Sols., LLC v. Guarantee Ins. Co.,* 2018 WL 2187379, at *4 (D.N.J. May 11, 2018).

### c.    Judicial Economy Weighs Against a Stay

The pending motion to dismiss – which is the only litigation event before the Court or the parties besides the instant motion – will have to be decided whether the instant motion is granted or denied. The only difference for Individual Defendants should the Court stay the case while the motion to dismiss is pending would be that Individual Defendants would be required to submit joint status reports with Plaintiff pursuant to the Court's Judicial Policies and Procedures Paragraph J. "[A] stay will merely delay the use of judicial resources, not conserve them." *Clientron Corp. v. Devon IT, Inc.*, 2014 WL 940406, at *5 (E.D. Pa. Mar. 10, 2014). Therefore, the stay cannot advance judicial economy.

### 2.    The *Adelphia* Factors Favor Denying the Motion to Stay

### a.    Plaintiff's Interest in the Forum Supports Denying the Motion to Stay

The first factor–plaintiff's interest in the forum weighs in favor of Plaintiff here because "plaintiff does not have an alternate forum in which to pursue [his] claims against the non-bankrupt defendants." *Cushman & Wakefield, Inc. v. Backos*, 129 B.R. 35, 37 (E.D. Pa. 1991). "Plaintiffs should not thus be denied a forum in which to pursue their claims against those defendants who

11

remain unshielded by the bankruptcy laws." *Klaff v. Wieboldt Stores, Inc.*, 1988 WL 142163, at *5 (N.D. Ill. Dec. 23, 1988).

Individual Defendants incorrectly argue that Plaintiff retains this Court as a forum to adjudicate his case, and extending the stay to all defendants merely delays the proceedings. Motion to Stay at 5-6. But the first *Adelphia* factor addresses whether an alternate forum exists, not whether an indefinite delay would eventually be lifted, allowing the original forum to be restored. Indeed, "courts have recognized that delay inherently harms a non-moving party by prolonging resolution of the dispute." *Cao Lighting, Inc. v. Gen. Elec. Co.*, 2022 WL 17752270, at *3 (D. Del. Dec. 19, 2022). By contrast, allowing the adjudication to go forward in the only forum possible protects "the public interest in the integrity of securities markets" and "militates in favor of the efficient and expeditious prosecution of [] civil actions." *In re Deriv. Litig., Herley Indus., Inc.*, 2007 WL 1101276, at *3 (E.D. Pa. Apr. 11, 2007); *see also Soroush v. Ali*, 2009 WL 3467897, at *4 (E.D. Pa. Oct. 28, 2009) ("the public's interests in prompt resolution of civil disputes and in holding accountable those who defraud others" weighed against stay).

### b.    Collateral Estoppel Does Not Apply

*Adelphia* factors 2 and 3 concern collateral estoppel and whether Rite Aid would be prevented from litigating factual and legal issues critical to the claims against it if the case was allowed to proceed without a stay. Individual Defendants' arguments regarding collateral estoppel lack merit. Motion to Stay at 6-7. They incorrectly claim that allowing this Action to proceed would "subject Rite Aid to the *threat* of collateral estoppel." *Id.* at 6 (emphasis added). But they cite no case applying collateral estoppel against a debtor subject to an automatic stay under the Bankruptcy Code. *See N.J. Carpenters Health Fund*, 564 B.R. at 195, 196 ("We have not located any decision applying the stay to a non-debtor solely because of an apprehended later use against

12

the debtor of offensive collateral estoppel or the precedential effect of an adverse decision."). Accordingly, it is inappropriate to stay an action as "to a nondebtor solely on collateral estoppel grounds." *Forcine Concrete.*, 426 B.R. at 520 (denying stay as to non-debtor defendants) (internal quotations omitted).

But, to remove even the theoretical possibility of collateral estoppel, Plaintiff unequivocally agrees that he will not assert collateral estoppel against Rite Aid arising from its continued adjudication of claims against the Individual Defendants.

### c.      There is no Ongoing Discovery to Burden Individual Defendants

Individual Defendants' discovery burden is zero.  Motion to dismiss briefing concluded on January 12, 2024, and **all** discovery is stayed pending that resolution.  *See* 15 U.S.C. § 78u–4(b)(3)(B).  Plaintiff has served no paper discovery and noticed no depositions in this Action. There is thus no "ongoing discovery" that requires the "substantial involvement" of Individual Defendants.

Moreover, even if there eventually were some discovery, it would have no burden that would impact the bankruptcy.  *See Mardice v. Ebony Media Operations, LLC*, 2021 WL 146358, at *3–4 (S.D.N.Y. Jan. 15, 2021) (collecting cases and stating that courts have extended the automatic stay "only where the stayed actions would have posed a serious threat to the debtors' reorganization efforts or otherwise inhibited resolution of the debtor's bankruptcy").  Individual Defendants offer no evidence that they would be so distracted by initial discovery, such as the exchange of Rule 26(a)(1) disclosures, that it would impact Rite Aid's reorganization.  *See Keystone Drill Servs. v. Davey Kent*, 2022 U.S. Dist. LEXIS 50502, at *15 (W.D. Pa. Feb. 22, 2022) (refusing to extend the stay where defendant offered no evidence that it "is essential to the Corporation's reorganization effort"); *Peevy v. Jerace*, 2017 WL 11705425, at *2 (S.D. Fla. Dec.

13

21, 2017) (refusing to extend the stay where applicant failed to provide evidence that debtor "would be prevented from successfully pursuing his ongoing bankruptcy proceeding as a result of discovery burdens in this case").

In fact, Individual Defendant Donigan is no longer involved with Rite Aid at all, and Schroeder and DuPaul advance no facts relating to their alleged involvement in the Bankruptcy Action besides a passing remark that this Action would take their "time and attention away from their efforts to help guide Rite Aid through bankruptcy." Motion to Stay at 6. But they no longer lead Rite Aid. Instead, Rite Aid has hired Jeffrey S. Stein as its CEO and Chief Restructuring Officer ("CRO"). *See* Declaration of Jeffrey S. Stein, CEO and CRO in the Bankruptcy Action, ECF No. 20 (Attached as Exhibit C to the Request for Judicial Notice).

## IV.    CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court deny the Individual Defendants' Motion to Stay in its entirety.

Dated:  February 5, 2024                              Respectfully submitted,

                                                                    **POMERANTZ LLP**


                                                                    By*:*   *Brian P. O'Connell*

                                                                    Joshua B. Silverman   (*pro hac vice*)
                                                                    Brian P. O'Connell (*pro hac vice*)
                                                                    Genc Arifi (*pro hac vice*)
                                                                    Ten South LaSalle Street, Suite 3505
                                                                    Chicago, Illinois 60603
                                                                    Telephone: (312) 377-1181
                                                                    Facsimile: (312) 377-1184
                                                                    E-mail: jbsilverman@pomlaw.com
                                                                            boconnell@pomlaw.com
                                                                            garifi@pomlaw.com

                                                                    *Counsel for Lead Plaintiff Steven L. Diamond and*
                                                                    *Lead Counsel for the Class*

14

**THE ROSEN LAW FIRM, P.A.**

Jacob Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
E-mail:  jgoldberg@rosenlegal.com

*Liaison Counsel for Lead Plaintiff Steven L.
Diamond and the Class*

**WOHL & FRUCHTER LLP**

Joshua E. Fruchter
25 Robert Pitt Drive, Suite 209G
Monsey, New York 10952
(845) 290-6818
E-mail: jfruchter@wohlfruchter.com

*Additional Counsel for Plaintiff*

15

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

Dated:  February 5, 2024

/s/ Brian P. O'Connell
Brian P. O'Connell