**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE RITE AID CORPORATION SECURITIES LITIGATION | |
| | Case No. 2:22-cv-4201-KBH |
| This document relates to: ALL ACTIONS. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
INDIVIDUAL DEFENDANTS' MOTION TO STAY**

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

I.      RITE AID IS THE REAL PARTY IN INTEREST ......................................................... 2

II.     THE DISCRETIONARY FACTORS FAVOR GRANTING A STAY ............................ 4

        A.    A Stay Will Simplify the Issues and Promote Judicial Economy ............................. 4

        B.    The Balance of the Harms Weigh in Favor of Granting a Stay ................................. 5

        C.    The Length of the Requested Stay Is Minimal ........................................................... 5

CONCLUSION ......................................................................................................................... 6

i

Defendants Heyward Donigan, Matthew Schroeder, and Christopher DuPaul (collectively, the "Individual Defendants") respectfully submit this reply memorandum of law in further support of the Individual Defendants' Motion to Stay (ECF No. 41).[1]

## PRELIMINARY STATEMENT

Individual Defendants have requested a brief stay of these proceedings until ten days after entry of an order by the bankruptcy court confirming Rite Aid's plan of reorganization. As shown in the Opening Brief, and as Plaintiff's Opposition all but concedes, Plaintiff's claims against the Individual Defendants are, in effect, claims against Rite Aid for which Rite Aid has agreed to indemnify the Individual Defendants. Rite Aid is therefore the real party in interest in this lawsuit. Proceeding on claims that relate to the *same* set of facts as Plaintiff's claims against Rite Aid would therefore subject Rite Aid and the Individual Defendants to significant risk that Rite Aid has to devote time and resources to defending these claims during a critical period of its reorganization efforts, particularly given that (contrary to Plaintiff's erroneous assertion in the Opposition) the Individual Defendants have filed proofs of claim asserting their indemnification rights. By contrast, Plaintiff is unable to identify *any* actual harm that he may experience from a brief stay. Indeed, Rite Aid anticipates that a hearing to confirm Rite Aid's proposed plan of reorganization will take place in March 2024, at which point the parties will have greater clarity as to the treatment of Plaintiff's claim against Rite Aid and how this case might proceed. The Individual Defendants therefore respectfully submit that a stay is warranted.

---

[1] Unless otherwise noted, all case and record citations omit internal citations, question marks, or alterations; all emphasis is added; and all capitalized terms shall have the same meaning as the Individual Defendants' memorandum of law in support of their Motion to Stay, ECF No. 41-1 ("Opening Brief"). "Br." refers to the Opening Brief; "Opp." refers to Plaintiff's Opposition, ECF No. 42 ("Opposition").

## ARGUMENT

No matter which legal framework is applied to determine whether a stay is warranted, the result is the same:  the brief stay requested by the Individual Defendants is warranted because the same facts underlie Plaintiff's claims against Rite Aid and the Individual Defendants, which means that litigating against the Individual Defendants now risks distracting Rite Aid from its critical reorganization efforts to defend these claims, even though Plaintiff effectively concedes that he will not be prejudiced by the brief stay the Individual Defendants have requested.

## I.   RITE AID IS THE REAL PARTY IN INTEREST

Plaintiff all but concedes that he cannot meaningfully separate the actions of the company from the actions of its officers and directors, as his allegations and theories of liability against Rite Aid are entirely premised on allegedly false statements made by the *Individual Defendants*.  Opp. at 6; *In re Loewen Grp., Inc. Sec. Litig.*, 2001 WL 530544, at *3 (E.D. Pa. May 16, 2001);[2] *see also* Br. at 4.  Rite Aid is not "meaningfully separate" from the Individual Defendants simply because the Complaint "identif[ies] misstatements for which the Individual Defendants . . . are independently liable."  Opp. at 7 n.2.  Indeed, the Opposition itself makes clear that Plaintiff's claims against the Individual Defendants are dependent upon his claims against Rite Aid.  *See id.* at 6 (listing paragraphs in the complaint which assert that both Rite Aid and the Individual Defendants allegedly misled investors based upon statements made by the Individual

---

[2] Plaintiff's attempt to brush aside the cases cited in the Opening Brief is unavailing.  Opp. at 7 n.2.  For example, as here, *Loewen* involved "complaints [that] essentially alleged that Loewen made inaccurate or incomplete disclosures regarding the financial condition of the company" and allegations "that the defendants misrepresented and/or failed to disclose" information that would prevent investors from being misled.  *In re Loewen Grp.*, 2001 WL 530544, at *1.

2

Defendants).[3]  Thus, the question is not whether the claims can proceed without Rite Aid, but whether a stay threatens a "potential adverse impact" on Rite Aid.  *See* Opp. at 6 (explaining that the "critical factor in deciding whether to extend the stay is the *potential* adverse impact on a debtor's estate and prospect of reorganization") (quoting *In re LTL Mgmt., LLC*, 638 B.R. 291, 306 (Bankr. D.N.J. 2022)); *see also Smith v. Dominion Bridge Corp.*, 1999 WL 111465, at *5 (E.D. Pa. Mar. 2, 1999) (granting stay in securities action where claims against the debtor and individual defendants arose out of the same factual basis because of the "possible operation of collateral estoppel and [debtor]'s potential duty to indemnify the individual defendants").

Rite Aid's indemnification obligations further reflect that a judgment against the Individual Defendants would be in effect a judgment against Rite Aid.  Contrary to Plaintiff's assertion, Opp at 1, 5, the Individual Defendants have in fact filed proofs of claim asserting their rights to indemnification against the Debtors related to Plaintiff's claims in this matter.  *See* Reply Decl. of D. Seshens, Exs. A-C (attaching proofs of claim for each of the Individual Defendants, filed on January 19, 2024).  In any event, even if such proofs of claims had not been filed, the "*mere possibility* of indemnification obligations warrants extension of the automatic stay." *In re LTL Mgmt.*, 638 B.R. at 312-13; *see also In re Phila. Newspapers, LLC*, 407 B.R. 606, 616 (E.D. Pa. 2009) (explaining that indemnification obligations render "the interests of the Debtors and Non-Debtors . . . identical").  Nor does the fact that Rite Aid may take advantage of liability insurance

---

[3] Plaintiff's cases are inapposite.  For example, in *Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Serv. Painting, Inc.*, the non-debtor "present[ed] no evidence" that he shared an "identity" with the debtor.  *See* 2018 WL 5923447, at *1-2 (E.D. Pa. Nov. 13, 2018).  Moreover, the court in *In re MCSi, Inc.* declined to extend the automatic stay to non-debtor individual defendants seemingly for an indefinite period of time because of concerns that doing so would shield corporate officers from facing liability in litigation.  371 B.R. 270, 273 (S.D. Ohio 2004).  Here, by contrast, far from shielding anyone from this litigation, the Motion seeks only a limited stay until shortly after confirmation of Rite Aid's plan of reorganization, which, as noted, is already on file and expected to be heard in March.

have any significance, as the means by which any damages may be paid has no bearing on whether Rite Aid is the real party in interest. *See* Opp. at 5-6; *see also In re Midway Airlines Corp.*, 283 B.R. 846, 852 (E.D.N.C. 2002) (granting extension of automatic stay where non-debtor defendants were "covered by Debtor's corporate liability insurance policy" and "asserted indemnification against the Debtor and its insurance policy"); *see also Smith*, 1999 WL 111465, at *5 (explaining that the possibility that the debtor would be required to indemnify the non-debtors would force it "to focus some of its efforts on the defense of these individual defendants to protect its interests, which would detract from its ability to successfully reorganize").

## II.     THE DISCRETIONARY FACTORS FAVOR GRANTING A STAY

Under either the factors that Plaintiff contends govern the stay inquiry (Opp. at 9-11) or the *Adelphia* factors, the balance of interests weighs in favor of granting a stay.[4]

### A.     A Stay Will Simplify the Issues and Promote Judicial Economy

Courts routinely find that the "interests of fairness and judicial economy would be served" by a stay where there are "material and significant similarities between claims." *Cliffstar Corp. v. Ajinomoto Co., Inc.*, 2010 WL 11710671, at *3 (E.D. Pa. Nov. 10, 2010); *see also Halman Aldubi*, 2022 WL 3042768, at *5 (staying case pending resolution of a related action to "narrow the issues to be resolved in this action and avoid[] the risk of inconsistent adjudications" where claims were "based on the same underlying activity"). Here, as established in the Opening Brief and above, Rite Aid is the real party in interest, and there is no dispute that Plaintiff's claim against Rite Aid is subject to Rite Aid's bankruptcy proceeding. The brief stay requested by the Individual Defendants—until shortly after a confirmation order is entered—will allow the parties to resume

---

[4] Plaintiff does not dispute that the *Adelphia* factors remain good law. *See Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, 2022 WL 3042768, at *4-6 (E.D. Pa. Aug. 2, 2022) (analyzing the same factors).

this litigation with greater clarity as to the treatment of Plaintiff's claim against Rite Aid and how Plaintiff's claims against the Individual Defendants will proceed before this Court.

### B.    The Balance of the Harms Weigh in Favor of Granting a Stay

Plaintiff has not identified any harm he could face from the brief stay requested by the Individual Defendants.  As Plaintiff concedes, under the Private Securities Litigation Reform Act of 1995, any discovery in this case has already been "stayed during the pendency of [the] motion to dismiss."  Opp. at 1.  Plaintiff points to nothing more than purely hypothetical concerns that any delay could "threaten the deterioration of evidence," *id.* at 10—but, as Plaintiff also acknowledges, the obligation to preserve evidence remains in place, *id.*  There thus can be no harm to Plaintiff from a limited stay which "merely delays the proceedings until [Rite Aid] can submit and implement a reorganization plan to its creditors," at which time the Court may efficiently proceed with the adjudication of Plaintiff's claims.  *Smith*, 1999 WL 111465, at *4.  In contrast, absent a stay, Rite Aid and the Individual Defendants would be threatened by risks of harm, including that Rite Aid would be forced to participate in discovery while simultaneously endeavoring to reorganize in the event the Court does not grant Defendants' motion to dismiss.  *See* Br. at 6-7.

### C.    The Length of the Requested Stay Is Minimal

Individual Defendants have requested a reasonable stay of the case—lasting only until ten days following an entry of an order confirming Rite Aid's plan of reorganization.  Br. at 8. Plaintiff's suggestion that the duration of this stay is "unreasonable" and that the stay would create "indefinite delay" is unwarranted.  *See* Opp. at 11.  A central tenet of the federal bankruptcy process is the "just, speedy, and inexpensive determination of every case and proceeding."  Fed. R. Bankr. P. 1001.  Indeed, between the filing of the Opening Brief and the Opposition, the Bankruptcy Court scheduled the disclosure statement hearing—a necessary precursor to confirmation—for February 16, 2024, after which it will likely take less than a month to solicit a

confirmation plan. *See* Notice of Adjourned Hearing on the Disclosure Statement, *In re Rite Aid Corp., et al.*, No. 23-bk-18993 (Bankr. D.N.J. Feb. 8, 2024), ECF No. 1909; *see also* Fed. R. Bankr. P. 3017(c) ("On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."). Moreover, the confirmation hearing is likely to occur by March 2024.[5] Plaintiff provides no basis for his suggestion that the requested stay would be "indefinite."

## CONCLUSION

For these reasons and those set forth in the Opening Brief, the Individual Defendants respectfully request that this Court grant their motion and stay this case until ten days following entry of an order confirming Rite Aid's plan of reorganization.

---

[5] On January 31, 2024, Rite Aid filed a motion for entry of an order conditionally approving the adequacy of Rite Aid's disclosure statement, approving plan solicitation procedures, and establishing a confirmation schedule. *See In re Rite Aid Corp., et al.*, No. 23-bk-18993 (Bankr. D.N.J. Jan. 31, 2024), ECF No. 1791 ("Disclosure Statement Motion"). A hearing on the Disclosure Statement motion is scheduled for February 16, 2024. *Id.*, ECF No. 1909. Although the current proposed confirmation schedule set forth in the Disclosure Statement Motion states that the confirmation hearing date is to be determined, Rite Aid currently estimates that, based on the current proposed schedule, a hearing to confirm Rite Aid's proposed plan of reorganization will take place in March 2024.

Respectfully submitted,
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

Dated: February 12, 2024

*/s/ Andrew M. Erdlen*

Andrew M. Erdlen (Atty. I.D. No. 320260)
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Telephone:  (215) 568-6200
aerdlen@hangley.com

*-and-*

Dana M. Seshens (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
dana.seshens@davispolk.com

Andrew Yaphe (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone:  (650) 752-2000
Facsimile:  (650) 752-2111
andrew.yaphe@davispolk.com

*Counsel for Defendants Heyward Donigan, Matt
Schroeder, and Chris DuPaul*

7

**CERTIFICATE OF SERVICE**

I, Andrew M. Erdlen, hereby certify that on February 12, 2024, I caused a copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

*/s/ Andrew M. Erdlen*
Andrew M. Erdlen