# EXHIBIT A

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Rite Aid Corporation |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of New Jersey |
| Case number | 23-18993 (MBK) |

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Heyward Donigan
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Dana Seshens
Name

450 Lexington Avenue
Number    Street

New York          NY       10017
City              State    ZIP Code

Contact phone (212) 450-4855

Contact email dana.seshens@ davispolk.com

**Where should payments to the creditor be sent?** (if different)

Heyward Donigan
Name

███████████████████
Number    Street

███          ███      ███
City         State    ZIP Code

Contact phone █████████

Contact email █████████

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

indemnification rights relating to securities action _____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01/19/2024
                  MM / DD / YYYY

/s/ Dana Seshens
Signature

**Print the name of the person who is completing and signing this claim:**

| | | |
|---|---|---|
| Name | Dana | Seshens |
| | First name     Middle name | Last name |
| Title | Partner | |
| Company | Davis Polk & Wardwell | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | 450 Lexington Avenue | |
| | Number     Street | |
| | New York | NY     10017 |
| | City | State   ZIP Code |
| Contact phone | (212) 450-4855 | Email dana.seshens@davispolk.com |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

### ADDENDUM TO PROOF OF CLAIM OF HEYWARD DONIGAN

Heyward Donigan (the "Claimant") hereby files this Addendum to its proof of claim (the "Proof of Claim") filed against Rite Aid Corporation (the "Debtor"), in chapter 11 case no. 23-18993 (the "Chapter 11 Case"), for all amounts owed or that may become due and owing, whether liquidated or unliquidated, matured or unmatured, contingent and unliquidated (collectively, the "Claim"), arising in connection with possible claims against the Claimant that are subject to indemnification by the Debtor, which may have accrued prior to October 16, 2023 (the "Petition Date"), the petition date in the Debtor's Chapter 11 Case, and may continue to accrue.

### SUMMARY OF CLAIM

1. Claimant was the Debtor's Chief Executive Officer from August 2019 to January 2023.

2. The Debtor and the Claimant are defendants in *In re Rite Aid Corporation Securities Litigation,* No. 2:22-cv-04201 (E.D.Pa.) (the "Proceeding"), a securities fraud putative class action lawsuit brought by investors arising from or related to allegedly false or misleading statements made about the Debtor's businesses, including Debtors' pharmacy benefit management business, Elixir.

3. The Debtor's Board of Directors executed an *Action by Unanimous Written Consent* effective as of October 25, 2023 (as may be amended, modified, or supplemented from time to time,

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

the "Unanimous Written Consent").[2]  Pursuant to the Unanimous Written Consent, the Debtor agreed to indemnify the Claimant for all costs and expenses associated with the Proceeding, including any legal fees associated with the Proceeding.

4.      As of the date hereof, Claimant is unaware of any costs or expenses subject to the indemnification obligation that would result in a liquidated claim.  Nevertheless, in an abundance of caution, the Claimant hereby asserts this Claim against the Debtor on account of its contractual, statutory, and/or common law rights of repurchase, indemnity, contribution, subrogation, and/or reimbursement for amounts that have been liquidated, unliquidated, paid, unpaid, fixed or otherwise contingent and arising from or related to the Proceeding, as well as any other existing, potential, or threatened litigation associated with the Proceeding.

5.       In not providing specific amounts in this proof of claim, Claimant is not waiving any claims in excess of such specific amounts.  Rather, pursuant to this proof of claim, Claimant expressly asserts a claim for any and all amounts due by the Debtor to the Claimant at this time or at any subsequent time, as well as contingent claims for any amounts or damages that may become due in the future, as well as interests, fees, charges and costs that may be due or payable.

6.      All notices and communications concerning this Proof of Claim should be sent to the following address:

Heyward Donigan



Telephone:
Email:

With a copy to:

Davis Polk & Wardwell
450 Lexington Avenue

---

[2] Due to its confidential nature, copies of the Unanimous Written Consent are not attached to this Proof of Claim but can be made available to the Debtors or any other party in interest (subject to the execution of an appropriate confidentiality agreement) upon request by no later than ten (10) days from the date of such request in conformity with the Bar Date Order.

2

New York, NY 10017
Attn: Dana Seshens
Telephone: (212) 309-6000
Email: dana.seshens@ davispolk.com

7.    Any payments made with respect to the claims contained in this Proof of Claim should be sent to the following address:

Heyward Donigan



Telephone:
Email:

**<u>RESERVATION OF RIGHTS AND CLAIMS</u>**

8.    The deadline for filing a proof of claim was set for January 12, 2024 (the "<u>Bar Date</u>"). The Debtors extended the Bar Date to January 19, 2024 for Claimant to file a Proof of Claim.  This Proof of Claim is made under compulsion of the Bar Date in the Debtor's Chapter 11 Case.  Claimant reserves its right to amend, restate and/or supplement this Proof of Claim for the purposes and to the extent permitted by applicable law, including to assert other amounts that may be due and owing, or that may become due and owing, including under the Unanimous Written Consent or any other contract and business arrangement between Claimant, Debtor and its affiliates (including in connection with the potential rejection thereof) or otherwise.

9.    Claimant reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted by Debtor, including, without limitation, any rights of setoff and/or recoupment not expressly asserted above, and further reserves all of its rights (if any) against any other debtor in another proceeding and any non-debtor affiliates of Debtor or individual or business entities associated with the Debtor or its affiliates. Claimant does not waive, and expressly reserves, any right of action that it has or may have against Debtor, or any other

3

person or persons, and reserves the right to file one or more requests for payment of administrative expense claims, as may be applicable in this Chapter 11 Case.

10.     Claimant further reserves all rights accruing to it, and the filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of the Claimant's rights against any person, entity, or property (including, without limitation, Debtor or any other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Claimant to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver, release, or limitation of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

#97837624v2