IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE RITE AID CORPORATION SECURITIES LITIGATION | Case No.  2:22-cv-04201-KBH |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## O R D E R

**AND NOW**, this 4th day of June, 2024, upon consideration of Individual Defendants' Heyward Donigan, Matthew Schroeder, and Christopher DuPaul (collectively, the "Individual Defendants") Motion to Stay the case (ECF No. 41), and all other filings in support thereof and in opposition thereto (ECF Nos. 42, 43, 44, 45, 46), the Individual Defendants' Motion is hereby **GRANTED**. It is further **ORDERED** that the case is **STAYED** as to the Individual Defendants until ten (10) days following the entry of an order confirming Rite Aid Corporation's ("Rite Aid") plan of reorganization in the bankruptcy proceeding (*In re Rite Aid Corp., et al.*, No. 23-bk-18993 (Bankr. D.N.J.)) or upon further Order of this Court. The parties are **ORDERED** to file a joint status update as to the bankruptcy proceeding on July 1, 2024 and every 90 days thereafter.[1]

BY THE COURT:

/s/ Hon. Kelley B. Hodge

HODGE, KELLEY B., J.

---

[1]     This is a putative class action case alleging securities law violations against Rite Aid and the Individual Defendants who are certain current and former officers of Rite Aid. This case is presently before the Court on the Individual Defendants' Motion to Stay the proceedings pending the outcome of the confirmation hearing in Rite Aid's pending bankruptcy case, *In re Rite Aid Corp., et al.*, No. 23-bk-18993 (Bankr. D.N.J.).  The Confirmation hearing in the bankruptcy proceeding has been continued twice and is now set for June 27, 2024. *See In re Rite Aid Corp., et al.*, No. 23-bk-18993 (Bankr. D.N.J.).

The case against Rite Aid is currently stayed pursuant to the automatic stay provisions of 11 U.S.C. § 362(a). While the automatic stay ordinarily applies only to the debtor, under certain

"unusual circumstances" wherein "there is such identity between the debtor and third-party defendant" that the debtor is the "real party" in interest, that stay may be extended to the third-party defendants. *In re Loewen Grp., Inc. Sec. Litig.*, No. 98-6740, 2001 U.S. Dist. LEXIS 6482, at *3-4 (E.D. Pa. May 16, 2001). This arises frequently when the debtor would be required to indemnify the co-defendants, such that a judgment against a third-party defendant would effectively be a judgment against the debtor. *Id.*; *see also Forcine Concrete & Constr. Co. v. Manning Equip. Sales & Serv.*, 426 B.R. 520, 523 (E.D. Pa. 2010) (citing *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997)).

Generally, in considering whether to grant a discretionary motion to stay, Courts consider three factors: "(1) whether a stay will simplify the issues and promote judicial economy; (2) the balance of the harm to the parties; and (3) the length of the requested stay." *SmithKline Beecham Corp. v. Apotex Corp.*, 2004 U.S. Dist. LEXIS 13907, 2004 WL 1615307 (E.D. Pa. July 16, 2004) (citing *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983)). However, in the circumstances that arise here, wherein individual defendant officers and directors in a securities fraud case request to stay proceedings while the corporate defendant is engaged in pending bankruptcy proceedings, courts have considered a separate set of factors, including:

> (1) plaintiff's interest in having a forum and whether or not plaintiff has a satisfactory alternative forum, (2) whether the defendants may wish to avoid multiple litigation or inconsistent relief or sole responsibility for liability they share with another, (3) the interest of the outsider whom it would have been desirable to join and the extent to which the judgment may, as a practical matter, impair or impede the absent party's ability to protect his/her interest, and (4) the interest of the courts and the public in the complete, consistent and efficient settlement of controversies.

*See, e.g., In re Loewen Grp., Inc. Sec. Litig.*, 2001 U.S. Dist. LEXIS 6482, at *4. Further, the Court has the inherent power to control its docket and incidental to this authority is the power to stay proceedings. *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). The power to stay proceedings is extraordinary, disfavored, and requires the "exercise of judgment" and the "weigh[ing] [of] competing interests and maintain[ing] an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).

The factors set forth in both *SmithKline Beecham Corp. v. Apotex Corp.* and also in *In re Loewen Grp., Inc. Sec. Litig.* ultimately favor granting a stay here. First, as in the *Loewen Grp.* case, there is identity between Rite Aid and the Individual Defendants. Plaintiffs' claims against Rite Aid and the Individual Defendants arise from the same factual allegations relating to actions of the Individual Defendants taken in their official capacities, and a judgment against the Individual Defendants would implicate Rite Aid's liability. Next, regarding the traditional discretionary stay factors, issuing a stay here would simplify the issues and promote judicial economy because it would allow Rite Aid to focus on its pending reorganization first. The Court understands the Plaintiffs' frustration with the delay a stay will cause; however, the Court has concluded that, given the brief time period and potential disruption to the Chapter 11 bankruptcy proceedings, it will serve the ultimate goal of fair adjudication of these claims to temporarily allow Rite Aid to remain singularly focused on the pending bankruptcy matter.

Regarding the four factors applied by the *Loewen Grp.* Court, Plaintiffs will retain this Court as their forum to pursue the pending claims once the stay is lifted. Staying the case will promote consistent relief and avoid duplicative litigation and will allow Rite Aid to fully engage in this litigation once its reorganization is confirmed. Finally, a temporary, time-limited stay will promote the public interest in consistent and efficient settlement of controversies by allowing the bankruptcy proceedings to finalize before moving forward with the securities litigation.

Many courts analyzing this issue have reached the same conclusion and enjoined non-debtors from participating in litigation so that debtors may focus on reorganization efforts and avoid the burden of simultaneous litigation against key employees. *See e.g. In re Eagle-Picher Industries, Inc.*, 963 F.2d 855, 860 (6th Cir. 1992) (staying state court action against Debtor's officers pursuant to the court's power under section 105 of the Code and noting that "proceeding with the Texas action will needlessly divert key employees from the debtors reorganization effort."); *In re A.H. Robins Co. Inc.*, 828 F.2d 1023, 1026 (4th Cir. 1987) ("[the debtor] will inexorably be drawn into this litigation. Because this involvement will put a substantial burden on [the debtor], it will detract from the reorganization process. We therefore hold that under section 105, the court had authority to stay these actions."); *Smith v. Dominion Bridge Corp.*, 1999 U.S. Dist. LEXIS 2131, 1999 WL 111465, at *4 (E.D. Pa. Mar. 2, 1999) (staying discovery in class action during debtor's reorganization); *In re Adelphia Communications Corp.*, 302 B.R. 439, 452 (Bankr. S.D.N.Y. 2003) (staying discovery in pending third party litigation to prevent, in part, "the risk of . . . threat to a successful reorganization"); *In re Continental Airlines*, 177 B.R. 475 (D. Del. 1993) (affirming bankruptcy court on finding that the automatic stay applied to certain actions against non-debtor defendants because, among other things, bankruptcy court had found identity of interest between debtor and non-debtor defendants). For these reasons, the Court will extend the automatic stay of 11 U.S.C. § 362 to the Individual Defendants pursuant to its discretionary power and grant the Motion to Stay until ten (10) days following the entry of an order confirming Rite Aid's reorganization or upon further order of this Court.

3